HAR–CON ENGINEERING, INC.,
Appellant,

v.

N. E. GUTHRIE, Jr., d/b/a Guthrie Construction Company, Appellee.

No. 16763.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 14, 1966.

Rehearing Denied Nov. 18, 1966.

Prothro & Sellers, and Oliver Kelley, Wichita Falls, for appellant.

Short & Smith, and Ray Gene Smith, Wichita Falls, for appellee.

OPINION

RENFRO, Justice.

Suit was brought by N. E. Guthrie, Jr., d/b/a Guthrie Construction Company, against Har-Con Engineering, Inc., for breach of contract.

Plaintiff alleged he, as General Contractor, and defendant entered into an agreement whereby defendant agreed, as subcontractor, to do the mechanical work on Building No. 982 at Sheppard Air Force Base for the sum of $31,890.00; that defendant breached the contract and failed to perform, whereupon plaintiff entered into a contract with another subcontractor to perform the mechanical work. Damages were sought against defendant for the difference between defendant's bid and the next lowest bid. Plaintiff also sought special damages.

Defendant in its pleading admitted making the agreement but plead that the agreement was contingent upon plaintiff's also awarding it a subcontract on Building No. 1040 on which plaintiff had another and different contract.

The jury found that (1) the parties did agree that defendant would perform the mechanical work on Building No. 982 for the sum of $31,890.00, (3) the agreement was not conditioned upon the awarding of another contract on Building No. 1040, and (2) plaintiff sustained damages in the sum of $4,960.00 by reason of defendant's failure to perform.

Judgment based on the verdict was rendered for plaintiff. Defendant appealed.

The defendant excepted to issue No. 1 on the ground there was no evidence and insufficient evidence to support an affirmative finding. No other objections were made to the charge as submitted and no other issues were requested.

On appeal defendant contends in point one judgment should have been rendered for it because there was insufficient evidence of the terms of the contract.

Both by pleadings and evidence defendant admitted the making of the agreement. By pleadings and evidence the defendant offered as defense the claim that the agreement was contingent on plaintiff's awarding it also an additional contract on an entirely different job.

Plaintiff testified unequivocally that the agreement on No. 982 was separate and independent of any other contract and that at no time did he and defendant discuss or agree that the contract on No. 982 was contingent upon defendant's obtaining a subcontract on Building No. 1040.

■ The jury believed plaintiff. The evidence is sufficient to support that finding. Point one is overruled.

In point two defendant contends there was insufficient evidence upon which the jury could find special damages.

Defendant did not by pleadings, exceptions or evidence challenge the right of plaintiff to recover special damages and did not object to the submission of the damage issue in any respect.

The record shows that the only complaint defendant has made concerning special damages is the one set out in its point of error claiming insufficiency of the evidence.

Hence, the only point before us on special damages is defendant's contention there was insufficient evidence of special damages. Our decision, therefore, is limited to the narrow question of whether or not there was sufficient evidence to uphold a finding that plaintiff did sustain special damages as a result of defendant's breach of contract.

Plaintiff testified at length as to the various extra expenses incurred by him as a result of defendant's breach and the resulting delay in beginning the work on No. 982. His testimony was not contradicted.

■ His testimony was sufficient to sustain a finding that he did sustain special damages.

Under the record as presented, point two must be overruled.

Affirmed.